IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES MAPLES                                                    PLAINTIFF

v.                          CASE NO. 4:22-CV-00965-BSM

UNION PACIFIC
RAILROAD COMPANY, INC.                                          DEFENDANT

## ORDER

James Maples's motion for partial summary judgment [Doc. No. 40] is granted on the

affirmative defenses contained in paragraph 33 of Union Pacific's answer because Union

Pacific does not intend to press those defenses, and denied on Union Pacific's mitigation and

apportionment affirmative defenses.  Maples's motions to exclude expert testimony from Earl

Peeples [Doc. No. 43] and Jeffrey Broker [Doc. No. 44] are denied.

## I. BACKGROUND

Maples is suing Union Pacific under the Federal Employers' Liability Act ("FELA")

for on the job injuries he purportedly sustained when a wheel broke and detached from the

utility vehicle he was operating.  Am. Compl. ¶¶ 1, 4–5, 25, Doc. No. 19.  Union Pacific

admits responsibility for the wheel detaching from the utility vehicle but denies that this

caused any injuries to Maples.  Answer ¶ 19, Doc. No. 20.  Maples is moving for partial

summary judgment on Union Pacific's affirmative defenses related to mitigation,

apportionment of fault, failure to join a party, pendency of another action between the same

parties arising out of the same transaction or occurrence, accord and satisfaction, arbitration

and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud,

illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.  Doc. No. 40.  Maples is also moving to exclude expert testimony from Union Pacific's medical expert, Doc. No. 43, and biomechanical expert, Doc. No. 44.

## II. LEGAL STANDARD

### A.    Summary Judgment

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).  Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings.  *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).  Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial.  *Id.*  All reasonable inferences must be drawn in the light most favorable to the non-moving party.  *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007).  The evidence is not weighed, and no credibility determinations are made.  *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

### B.    Expert Testimony

A witness who is qualified as an expert may give opinion testimony if (1) the expert's specialized knowledge will help a fact-finder understand the evidence, (2) there is sufficient factual basis for the testimony, (3) the expert's principles and methods are reliable, and (4) the expert's principles and methods are reasonably applied to the case at hand.  Fed. R. Evid.

702.  Courts play a gatekeeping role in ensuring that expert testimony "is not only relevant, but reliable."  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993); *see Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

In determining whether to exclude expert scientific testimony, "the trial judge must [consider] . . . whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact at issue."  *Daubert*, 509 U.S. at 592.  Expert testimony is admitted when an "expert's methodology is reliable and can be reasonably applied to the facts of the case."  *Eckelkamp v. Beste*, 315 F.3d 863, 868 (8th Cir. 2002).  The party calling an expert must show, by a preponderance of the evidence, that the expert's opinion is reliable.  *Adams v. Toyota Motor Corp.*, 867 F.3d 903, 915 (8th Cir. 2017).  The weight and credibility given to an expert's testimony should be left to a jury.  *See David E. Watson, P.C. v. United States*, 668 F.3d 1008, 1014 (8th Cir. 2012); *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

### III. DISCUSSION

A.    Partial Summary Judgment on Affirmative Defenses

Summary judgment is granted on the affirmative defenses listed in paragraph 33 of the answer because Union Pacific states that it does not intend to present them.  If Maples introduces any evidence that opens the door for these defenses, Union Pacific may ask for reconsideration.  Summary judgment is denied on the mitigation and apportionment affirmative defenses.

Summary judgment is denied on the mitigation affirmative defense because whether

Maples acted reasonably to mitigate his damages is a jury question.  This is true because the failure to mitigate loss of earnings is an appropriate affirmative defense in FELA cases, *see Bissett v. Burlington N. R.R. Co.*, 969 F.2d 727, 731 (8th Cir. 1992), and there is a genuine dispute as to whether Maples is capable of performing work beyond the work he has performed since the accident, *see, e.g.*, Maples Functional Capacity Evaluation, Doc. No. 52-3.  The FELA does not shield claimants from having to secure suitable employment.  *See, e.g.*, *Preston v. BNSF Ry. Co.*, No. CV 08-3045-CL, 2009 WL 2731154, at *3 & *6 (D. Or. Aug. 28, 2009) (denying summary judgment on railroad's mitigation defense based on job offers that would have required plaintiff to move).  FELA defendants are entitled to a jury instruction on mitigation when the is record supports it.  *Trejo v. Denver & Rio Grande W. R.R. Co.*, 568 F.2d 181, 184 (10th Cir. 1977).  And, here, the record supports that Maples may have failed to mitigate damages by not adequately looking for other jobs.  *See, e.g.*, Maples Dep. 198:3–11, Doc. No. 52-1.

Summary judgment is denied on the apportionment affirmative defense because there is a genuine factual dispute as to whether Maples's back injuries pre-existed the accident.  *See, e.g.*, Maples Dep. 177:21–179:7 (Maples complained to chiropractor about back pain 13 times before the accident).  And, FELA defendants are liable for only those damages caused by their negligence.  *See Sauer v. Burlington N. R.R. Co.*, 106 F.3d 1490, 1493–95 (10th Cir. 1996).  Thus, the apportionment affirmative defense is appropriate.

B.     Expert Testimony

Maples's motions to exclude expert testimony from Peeples and Broker are denied.

### 1. Earl Peeples Expert Testimony

Maples's motion to exclude Peeples from providing expert testimony is denied.

a.      Secondary Gain or Malingering, Credibility, Gornet's Deposition Testimony

Maples's motion to exclude Peeples from providing expert testimony on (1) secondary gain or malingering, (2) Maples's credibility, and (3) Matthew Gornet's deposition testimony is denied as moot because Union Pacific represents that it does not intend to solicit trial testimony from Peeples on these issues.  If Union Pacific changes course and does intend to solicit testimony on these issues, Maples may ask for reconsideration.

b.      Medical Causation

Peeples, a medical doctor who specializes in orthopedic surgery, may testify about medical causation because he is qualified to do so. *See Harris v. Ladd*, No. 5:09-CV-00179-JLH, 2012 WL 13184600, at *1 (E.D. Ark. Jan. 25, 2012) ("a defendant's medical expert may testify that the physical injuries for which the plaintiff seeks compensation were not caused by the accident") (citation omitted).

c.      Work Restrictions

The motion to preclude Peeples from opining on the reasonableness of the work restrictions Maples's doctor proscribed to him is denied because Peeples is qualified to give this testimony.  *See Synergetics, Inc. v. Hurst*, 477 F.3d 949, 956 (8th Cir. 2007) (disagreement between parties' experts does not warrant exclusion); *see also Rice ex rel. Clark v. Union Pac. R.R. Co.*, No. 4:12-CV-00108-SWW, 2012 WL 1710906, at *5 (E.D. Ark. May 15, 2012) (disagreement with treating physician's course of treatment may be

addressed in cross-examination).

        d.      Gornet's Charges and Liens

Peeples may testify about Gornet's charges and liens because his specialized knowledge may assist a jury in making credibility determinations about these issues. *See Taylor v. Cottrell, Inc.*, 795 F.3d 813, 819–20 (8th Cir. 2015); *Johnson v. Brewer*, 521 F.2d 556, 561 (8th Cir. 1975).

## 2. *Jeffrey Broker Expert Testimony*

Maples's motion to exclude Broker's expert testimony is denied because Broker's opinion is not "so fundamentally unsupported that it can offer no assistance to the jury . . . ." *Loudermill v. Dow Chem. Co.*, 863 F.2d 566, 570 (8th Cir. 1988) (citing *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)). This is true because Broker is a Ph.D. specializing in the biomechanics of injuries, and accident causation. *See* Broker Expert Disclosure 3, Doc. No. 44-1. Broker's testimony that, biomechanically, Maples's low back injury is inconsistent with the forces exerted during his accident is admissible. *See* Broker Expert Disclosure 40; *see also Johnson v. Mead Johnson & Co.*, 754 F.3d 557, 562 (8th Cir. 2014) (scientific testimony that "rests upon good grounds" should be challenged by competing expert testimony and cross-examination rather than excluded).

## IV. CONCLUSION

For the foregoing reasons, Maples's motion for partial summary judgment is granted in part and denied in part. Maples's motions to exclude expert testimony from Peeples and Broker are denied.

IT IS SO ORDERED this 1st day of February, 2024.

_____
UNITED STATES DISTRICT JUDGE